**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1122**

THE RIGHT REVEREND CHARLES G. VONROSENBERG, individually and in his capacity as Provisional Bishop of the Protestant Episcopal Church in the Diocese of South Carolina,

Plaintiff - Appellant,

v.

THE RIGHT REVEREND MARK J. LAWRENCE; JOHN DOES 1 - 10, being fictitious defendants whose names presently are unknown to Plaintiff and will be added by amendment when ascertained,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  C. Weston Houck, Senior District Judge.  (2:13-cv-00587-CWH)

Argued:  January 28, 2015                Decided:  March 31, 2015

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

Vacated and remanded by published opinion.  Judge Motz wrote the opinion, in which Judge Gregory and Judge Wynn joined.

**ARGUED:** Thomas S. Tisdale, Jr., HELLMAN YATES & TISDALE, Charleston, South Carolina, for Appellant.  Charles Alan Runyan, SPEIGHTS & RUNYAN, Beaufort, South Carolina, for Appellees.  **ON BRIEF:** Jason S. Smith, HELLMAN YATES & TISDALE, Charleston, South Carolina, for Appellant.  Andrew S. Platte, SPEIGHTS & RUNYAN, Beaufort, South Carolina; Henrietta U. Golding, MCNAIR LAW FIRM, Myrtle Beach, South Carolina; Charles H. Williams,

WILLIAMS & WILLIAMS, Orangeburg, South Carolina; David Cox, WOMBLE, CARLYLE, SANDRIDGE & RICE, LLP, Charleston, South Carolina, for Appellee The Right Reverend Mark J. Lawrence.

———————

DIANA GRIBBON MOTZ, Circuit Judge:

This appeal arises from a dispute between two clergymen. Each believes himself to be the proper leader of The Protestant Episcopal Church in the Diocese of South Carolina. Bishop Charles G. vonRosenberg brought this action against Bishop Mark J. Lawrence, alleging two Lanham Act violations and seeking declaratory and nondeclaratory relief. In response, Bishop Lawrence asked the district court to abstain in favor of pending related state court proceedings. Relying on the abstention doctrine articulated in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277 (1995), which affords a federal court broad discretion to stay declaratory judgment actions, the district court stayed the action. Because we conclude that Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), which permits a federal court to abstain only in "exceptional" circumstances, properly governs the abstention decision in this action seeking both declaratory and nondeclaratory relief, we vacate the stay order and remand for further proceedings.

I.

Bishop vonRosenberg alleges that in December 2012, the Disciplinary Board of The Protestant Episcopal Church in the United States ousted Bishop Lawrence from his position as Bishop

3

of the Diocese of South Carolina. He further alleges that on January 16, 2013, a Convention of the Diocese elected and installed him as Bishop Lawrence's replacement. Bishop vonRosenberg claims that Bishop Lawrence, after his ouster, has improperly continued to use the Church's service marks and falsely advertised himself as the leader of the Church. Bishop Lawrence maintains that he was not removed from office. He contends that Bishop vonRosenberg serves only as leader of an unincorporated Episcopal association created to supplant the Diocese. Each man views himself "as the Diocese's veritable head, and, thus, the rightful user of its service marks." vonRosenberg v. Lawrence, No. 13-587, slip op. at 4 (D.S.C. Aug. 23, 2013) ("Abstention Order").

On January 4, 2013 (prior to the filing of this action and before the Convention assertedly installed Bishop vonRosenberg as Bishop Lawrence's replacement), a faction of Bishop Lawrence's supporters filed suit in South Carolina state court against the Episcopal Church. That action alleges violations of service mark infringement and improper use of names, styles, and emblems -- all "arising exclusively under South Carolina law." Id. The state court issued a temporary restraining order preventing anyone other than Bishop Lawrence and those under his direction from using these service marks and names.

4

On March 5, Bishop vonRosenberg filed the present action against Bishop Lawrence seeking declaratory and injunctive relief for two violations of the Lanham Act, 15 U.S.C. § 1114 and § 1125(a)(1)(A) (2012). Bishop vonRosenberg alleges that Bishop Lawrence violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by the unauthorized use of four service marks belonging to the Diocese of South Carolina and by advertising falsely that "he is the true Bishop and ecclesiastical authority of the Diocese." On March 28, Bishop Lawrence asked the district court to dismiss this federal action for lack of standing or, in the alternative, asked the court to abstain and stay this action pending resolution of the related state court case.

That same day, Bishop vonRosenberg's followers filed answers and counterclaims in the state case, including trademark infringement claims. On April 3, the vonRosenberg followers removed the state action to federal court pursuant to 28 U.S.C. § 1441(a). Six weeks later, the district court remanded that case to state court.

On August 23, 2013, the district court granted Bishop Lawrence's motion to abstain and stayed the present action. The district court held that Bishop vonRosenberg had constitutional and prudential standing to assert individual injuries against Bishop Lawrence for trademark infringement and false

5

advertising. Nevertheless, invoking its "broad discretion to . . . decline to grant[] declaratory relief" under Brillhart and Wilton, the district court granted Bishop Lawrence's motion to abstain. Abstention Order at 12 (quoting Wilton, 515 U.S. at 281). Bishop vonRosenberg timely noted this appeal.[1]

## II.

We "review the district court's decision to surrender jurisdiction for abuse of discretion." New Beckley Mining Corp. v. Int'l Union, United Mine Workers, 946 F.2d 1072, 1074 (4th Cir. 1991). But "[w]hether a case satisfies the basic requirements of abstention" constitutes "a legal question subject to de novo review." Myles Lumber Co. v. CNA Fin. Corp., 233 F.3d 821, 823 (4th Cir. 2000).

Bishop vonRosenberg contends that the district court applied the wrong criteria in determining to abstain in this case. He maintains that the principles set forth in Colorado River, rather than those in Brillhart and Wilton, should have guided the abstention inquiry in this action seeking both declaratory and nondeclaratory relief.

---

[1] On February 3, 2015, the state trial court issued a judgment and final order in favor of Bishop Lawrence's followers. Bishop vonRosenberg's followers have noted an appeal of that order.

6

In <u>Colorado River</u>, the Supreme Court held that a federal court may abstain from deciding non-frivolous, nondeclaratory claims in favor of a parallel state suit for reasons of "wise judicial administration" -- but only in "exceptional" circumstances. 424 U.S. at 818. The Court explained that a federal court's "virtually unflagging obligation" to decide such federal claims rendered its authority to stay a federal action for these administrative reasons "considerably more limited than the circumstances appropriate for abstention" under other abstention standards.[2] <u>Id.</u> at 817-18; <u>see also</u> <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 28 (1983). Thus, a court must apply <u>Colorado River</u> abstention "parsimoniously." <u>Chase Brexton Health Servs., Inc. v. Maryland</u>, 411 F.3d 457, 463 (4th Cir. 2005). Even if a parallel state court suit exists, in deciding whether to abstain for that reason, a court must balance several factors, "with the balance heavily weighted in favor of the exercise of [federal] jurisdiction." <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 16. We have identified six factors a court must consider in making this decision. <u>See</u> <u>Chase Brexton</u>, 411 F.3d at 463-64.

---

[2] The parties do not contend on appeal that any abstention standard other than that set forth in <u>Colorado River</u> or <u>Brillhart</u>/<u>Wilton</u> governs this case.

The district court did not consider any of these factors, rather it simply found abstention proper under the Brillhart/Wilton standard. Those cases recognize that courts have broad discretion to abstain from deciding declaratory judgment actions when concurrent state court proceedings are under way. This wide latitude arises out of "federal courts['] unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286.

We have never expressly held which abstention standard applies to a federal complaint, like the one at hand, which asserts claims for both declaratory and nondeclaratory relief. See VRCompliance LLC v. HomeAway, Inc., 715 F.3d 570, 571-72 (4th Cir. 2013). But, although we have recognized that some circuits have taken other approaches to these mixed cases, we have held that when a court is "required to entertain" a nondeclaratory claim, it is "not at liberty to abstain from entertaining the declaratory claims." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 210 (4th Cir. 2006). Thus, "when a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court must address, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay would not save any judicial resources." Chase Brexton, 411 F.3d at 466 (emphasis in original).

8

To apply the Brillhart/Wilton standard to a federal complaint seeking injunctive or monetary relief, which would otherwise be governed by the Colorado River standard, would ignore the very different justifications for the two abstention standards.  Colorado River permits a court to abstain only in the rare circumstance in which the needs of judicial administration are so pressing as to supersede the court's otherwise "virtually unflagging obligation" to exercise its jurisdiction over that federal action.  Colorado River, 424 U.S. at 817 (emphasis added).  Brillhart/Wilton, by contrast, naturally flows from the broad discretion afforded courts to entertain actions and award declaratory relief under the Declaratory Judgment Act.  The Brillhart/Wilton standard therefore provides a poor fit for causes of action over which a federal court generally must exercise jurisdiction -- namely, claims for nondeclaratory relief.  For those claims, "[o]nly the clearest of justifications will warrant dismissal" in favor of concurrent state court proceedings.  Id. at 819.

We have previously taken note of these differences and related considerations, including a federal court's "unflagging obligation" to adjudicate federal claims for injunctive or monetary relief over which it has jurisdiction.  See Gross, 468 F.3d at 210; Chase Brexton, 411 F.3d at 466.  We now join several of our sister circuits in holding that Colorado River,

9

not <u>Brillhart</u>/<u>Wilton</u>, must guide a court's decision to abstain from adjudicating mixed complaints alleging claims for both declaratory and nondeclaratory relief. <u>See</u> <u>New England Ins. Co.</u> <u>v. Barnett</u>, 561 F.3d 392, 396 (5th Cir. 2009); <u>Village of</u> <u>Westfield v. Welch's</u>, 170 F.3d 116, 124 n.5 (2d Cir. 1999). <u>Cf.</u>, <u>United States v. City of Las Cruces</u>, 289 F.3d 1170, 1180-82 (10th Cir. 2002).

A contrary approach would deprive a plaintiff of access to a federal forum simply because he sought declaratory relief in addition to an injunction or money damages. Such a penalty for requesting a declaration seems especially unwarranted given that nearly all claims, including those for damages or injunctive relief, effectively ask a court to declare the rights of the parties to the suit. To ensure that they have asked for all available relief, plaintiffs commonly add a request for declaratory relief in addition to requests for equitable or monetary relief. We decline to adopt a rule that would transform that thoroughness into a handicap.

The <u>Colorado River</u> standard applies to all mixed claims -- even when the "claims for coercive relief are merely 'ancillary' to [a party's] request for declaratory relief." <u>Black Sea Inv.,</u> <u>Ltd. v. United Heritage Corp.</u>, 204 F.3d 647, 652 (5th Cir. 2000). Indeed, "the only potential exception to this general rule arises when a party's request for injunctive relief is

10

either frivolous or is made solely to avoid application of the Brillhart standard." Id.[3] Nothing in the record in this case indicates that Bishop vonRosenberg's request for injunctive relief is frivolous or designed to avoid application of the Brillhart/Wilton standard. Accordingly, the Colorado River standard governs the abstention question here.

## III.

In considering whether to abstain in mixed cases, where a plaintiff seeks both declaratory and nondeclaratory relief, a federal court's task "is not to find some substantial reason for the exercise of federal jurisdiction [but] . . . to ascertain whether there exist 'exceptional' circumstances . . . to justify the surrender of that jurisdiction." Moses H. Cone Mem'l Hosp., 460 U.S. at 25-26 (quoting Colorado River, 424 U.S. at 813). Because the district court did not apply this abstention standard, we must vacate its stay order and remand for a

---

[3] Riley v. Dozier Internet Law, P.C., 371 F. App'x 399 (4th Cir. 2010), an unpublished and therefore non-precedential opinion on which Bishop Lawrence nevertheless heavily relies, is such a case. There we concluded that "the perfunctory inclusion of nondeclaratory requests for relief does not suffice to remove a plaintiff from the ambit of the Brillhart/Wilton rule." Id. at 404 n.2. For a declaratory judgment plaintiff may not obtain the benefit of "nearly mandatory jurisdiction under Colorado River[] simply by tossing in dependent or boilerplate nondeclaratory requests." Id.

determination whether such "exceptional" circumstances are present in this case.  We express no view on that issue.

<u>VACATED AND REMANDED</u>