**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2284

THE RIGHT REVEREND CHARLES G. VONROSENBERG, individually and in his capacity as Provisional Bishop of the Protestant Episcopal Church in the Diocese of South Carolina,

Plaintiff - Appellant,

v.

THE RIGHT REVEREND MARK J. LAWRENCE; JOHN DOES, 1-10, being fictitious defendants whose names presently are unknown to Plaintiff and will be added by amendment when ascertained,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, Senior District Judge. (2:13-cv-00587-CWH)

Argued: December 9, 2016                    Decided: February 21, 2017

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and Richard D. BENNETT, United States District Judge for the District of Maryland, sitting by designation.

Vacated and remanded by published opinion. Judge Motz wrote the opinion, in which Chief Judge Gregory and Judge Bennett joined.

**ARGUED**: Thomas S. Tisdale, Jr., HELLMAN YATES & TISDALE, Charleston, South Carolina, for Appellant. Henrietta U. Golding, MCNAIR LAW FIRM, Myrtle Beach, South Carolina, for Appellee. **ON BRIEF**: Jason S. Smith, HELLMAN YATES & TISDALE, Charleston, South Carolina, for Appellant. C. Alan Runyan, Andrew S.

Platte, SPEIGHTS & RUNYAN, Beaufort, South Carolina; Charles H. Williams, WILLIAMS & WILLIAMS, Orangeburg, South Carolina; David Cox, BARNWELL WHALEY PATTERSON & HELMS, Charleston, South Carolina, for Appellee.

———————

DIANA GRIBBON MOTZ, Circuit Judge:

This dispute between two clergymen — each claiming to be the Bishop of The Protestant Episcopal Church in the Diocese of South Carolina — comes to us a second time. Bishop Charles G. vonRosenberg initiated this action, seeking declaratory and injunctive relief. He alleges that Bishop Mark J. Lawrence has violated the Lanham Act by falsely advertising himself to be the Bishop of the Diocese of South Carolina. At Bishop Lawrence's request, the district court abstained in favor of related state court proceedings, applying *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). On appeal, we vacated that order, concluding that *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), not *Brillhart* and *Wilton*, governs abstention decisions in actions where the plaintiff seeks both declaratory and nondeclaratory relief. *See vonRosenberg v. Lawrence* (*vonRosenberg I*), 781 F.3d 731 (4th Cir. 2015). On remand, the district court has again abstained, staying the action pending the conclusion of the state proceedings. For the reasons that follow, we must again vacate and remand for further proceedings.

I.

As discussed in our earlier opinion, Bishop vonRosenberg alleges that The Protestant Episcopal Church in the United States ("the Episcopal Church") removed Bishop Lawrence from his position as the Bishop of the Diocese of South Carolina and installed Bishop vonRosenberg in his place. Bishop vonRosenberg asserts that, despite Bishop Lawrence's removal, Bishop Lawrence continues to use the service marks,

3

names, and symbols of the Diocese and continues to hold himself out as the Bishop of the Diocese. For his part, Bishop Lawrence maintains that he was not removed from office. He contends that the Diocese of South Carolina withdrew from the Episcopal Church and now operates independently of the national organization. Accordingly, Bishop Lawrence argues that, although he no longer serves as a Bishop of the Episcopal Church, he is still the Bishop of the Diocese and thus may represent himself as such.

We briefly sketch the course of the state and federal actions that led to the abstention orders in this case.

## A.

On January 4, 2013, the Diocese of South Carolina and various churches and parishes loyal to Bishop Lawrence filed suit in South Carolina state court against the Episcopal Church. They argued that the Diocese had dissociated from the Episcopal Church and sought "resolution of their real and personal property rights." The property at issue included the Diocese's service marks, which the plaintiffs alleged the Episcopal Church had used in violation of South Carolina law.

The Episcopal Church filed an answer and counterclaims, including claims of trademark infringement and dilution under the Lanham Act. It also sought to add Bishop Lawrence and others as individual counterclaim defendants. In September 2013, the state court denied the request to add the proposed additional parties, and it repeatedly denied similar requests throughout the litigation. Accordingly, neither Bishop Lawrence nor Bishop vonRosenberg is a party to the state action. And no Lanham Act false advertising claim against Bishop Lawrence is before the state court.

4

On February 3, 2015, after more than a year of discovery and a fourteen-day bench trial, the state court issued a final order in favor of the Diocese. It held that the Diocese had validly dissociated from the Episcopal Church and therefore owned the property at issue in the litigation, including the service marks. The state court permanently enjoined the Episcopal Church and its agents from using any of the Diocese's marks. The Episcopal Church appealed to the South Carolina Supreme Court. That court heard oral argument on September 23, 2015, but has issued no opinion to date.

B.

On March 5, 2013, two months after the Diocese filed suit in state court, Bishop vonRosenberg filed this federal action. In it, Bishop vonRosenberg alleges that Bishop Lawrence violated the Lanham Act by engaging in false advertising. Specifically, Bishop vonRosenberg alleges that Bishop Lawrence's continued assertions that he remains the Bishop of the Diocese creates confusion as to who is the true Bishop. Bishop vonRosenberg asserts that this impairs his ability to perform his ecclesiastical duties and to communicate effectively on behalf of the Diocese.[1]

---

[1] We note that Bishop vonRosenberg now argues that, even if the Diocese of South Carolina properly dissociated from the Episcopal Church and Bishop Lawrence is the leader of that dissociated organization, Bishop Lawrence is still violating the Lanham Act. Bishop vonRosenberg argues that Bishop Lawrence "is confusing and misleading the public" into thinking he is still a Bishop of the Episcopal Church and that his services are authorized by that church. This theory differs from that alleged in the complaint. There, Bishop vonRosenberg pled that Bishop Lawrence falsely represented himself to be the Bishop *of the Diocese of South Carolina*. Bishop vonRosenberg's new argument requires proving a separate set of facts than required to prove his original allegations. "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

5

In response, Bishop Lawrence asked the federal district court to abstain in favor of the state proceeding. In August 2013 — before the state court denied the Episcopal Church's request to add Bishop Lawrence as an individual counterclaim defendant — the district court granted Bishop Lawrence's motion to abstain and dismissed the case. The court based its decision on the broad discretion to decline jurisdiction over cases seeking declaratory relief that the *Brillhart/Wilton* doctrine provides federal courts.

Bishop vonRosenberg appealed. In our previous opinion in this case, we held that *Colorado River*, and not *Brillhart/Wilton*, supplied the abstention standard for claims seeking both declaratory and nondeclaratory relief. *vonRosenberg I*, 781 F.3d at 735. *Colorado River* establishes a more rigorous abstention standard than the *Brillhart/Wilton* standard. Accordingly, we vacated the district court's dismissal order and remanded for a determination of whether "exceptional" circumstances justified abstention under the *Colorado River* standard. *Id.* at 736.

On remand, the district court once again abstained, staying the federal proceeding until the conclusion of the state action. Bishop vonRosenberg again timely appealed.[2]

## II.

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."

---

[2] It is no barrier to Bishop vonRosenberg's appeal that the abstention order stays rather than dismisses the case. Contrary to Bishop Lawrence's suggestion, orders staying federal suits under Colorado River are "final for purposes of appellate jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 (1983).

6

*McClellan v. Carland*, 217 U.S. 268, 282 (1910). However, under the *Colorado River* doctrine, a federal court may abstain from exercising jurisdiction over a duplicative federal action for purposes of "wise judicial administration." 424 U.S. at 818. But a court must apply *Colorado River* abstention "parsimoniously." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005). This requires recognizing that our task is not "to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone*, 460 U.S. at 25–26.

In deciding whether such exceptional circumstances exist, a court must first determine whether the federal and state actions are parallel. State and federal suits are parallel only "if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). It is not enough for parties in the state and federal actions to be merely aligned in interest.

"[W]e have strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Chase Brexton*, 411 F.3d at 464. For example, in *McLaughlin*, we found the state and federal actions not parallel where the state suit involved claims by several corporations and the federal suit involved personal claims by the president of those corporations. 955 F.2d at 934–35. We held *Colorado River* abstention not proper even though resolution of the state suit might have had a *res judicata* effect on some of the claims in the federal action. *See id.* at 934 n.*.

7

In addition, even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies. *See, e.g.*, *Chase Brexton*, 411 F.3d at 464; *New Beckley*, 946 F.2d at 1074 ("[S]ome factual overlap does not dictate that proceedings are parallel."). Rather, a federal court may abstain under *Colorado River* only if it "concludes that the parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28 (emphasis added). If there is any serious doubt that the state action would resolve *all* of the claims, "it would be a serious abuse of discretion" to abstain. *Id.*

Finally, even if the federal and state suits are duplicative, *Colorado River* requires a court to balance carefully several other factors before abstaining:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton*, 411 F.3d at 463–64. A court must look at these factors holistically, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

With these principles in mind, we turn to the facts of the case at hand, reviewing the decision to abstain for abuse of discretion. *Chase Brexton*, 411 F.3d at 464.

8

Bishop vonRosenberg argues that the district court's application of *Colorado River* abused its discretion because the state and federal actions are not parallel. We must agree.[3]

We recognize that our opinion in *vonRosenberg I* focused solely on determining the appropriate abstention *standard* in cases asking for both declaratory and nondeclaratory relief. We expressed no view as to the propriety of abstention under that standard — the one articulated in *Colorado River* — and we did not analyze the similarity between the state and federal cases.

Exceptional circumstances allowing for abstention under *Colorado River* do not exist when state and federal cases are not duplicative, but merely raise similar or overlapping issues. *New Beckley*, 946 F.2d at 1074. Moreover, "we must address whether abstention is appropriate based upon the *current* posture of the state court actions." *Gannett Co. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 745 n.6 (4th Cir. 2002) (emphasis added).

Here, events occurring after the district court's first abstention order and before its second order make clear that the two actions are not parallel — the state action will not resolve every claim at issue in the federal action. Neither Bishop vonRosenberg nor Bishop Lawrence is a party to the state action; indeed, the state court has denied the Episcopal Church's request to add Bishop Lawrence as an individual counterclaim

---

[3] Bishop Lawrence's alternative contention — that the Anti-Injunction Act, 28 U.S.C. § 2283 (2012), requires us to affirm the district court's abstention order — is meritless.

defendant. Furthermore, as the district court noted, the state court has held that the Episcopal Church's proposed Lanham Act claims were not before it. Nor is Bishop vonRosenberg's *individual* false advertising claim, alleging harms to his ecclesiastical authority distinct from the harms of the Episcopal Church, before the state court. *See Dixon v. Edwards*, 290 F.3d 699, 712–13 (4th Cir. 2002) (recognizing that interference with the exercise of authority an individual possesses by virtue of his or her office as Bishop creates a distinct injury from the injury to power or prestige experienced by the church). Thus, because the state and federal cases involve different parties and different claims, the district court abused its discretion under *Colorado River* by abstaining in favor of the state court proceedings.

As the district court correctly recognized, however, the state and federal proceedings do involve the resolution of the same underlying issue — whether the Diocese validly withdrew from the Episcopal Church. Moreover, the district court may well be correct that the resolution of the issues in the state court proceeding may have collateral estoppel effect on claims asserted in this litigation. We leave the determination of those questions to the district court.

## IV.

Accordingly, we vacate the abstention order and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*

10