**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CNSP, INC., d/b/a NMSURF,

    Plaintiff - Appellant,

and

ALBERT CATANACH,

    Plaintiff,

v.

CITY OF SANTA FE,

    Defendant - Appellee.

No. 18-2056
(D.C. No. 1:17-CV-00827-MCA-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

CNSP, Inc., d/b/a/ NMSURF (NMSURF), appeals the district court's order

staying the underlying federal case pending resolution of parallel state-court

proceedings, pursuant to the deferral principle of *Colorado River Water Conservation*

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*District v. United States*, 424 U.S. 800, 817-19 (1976) (*Colorado River*); *see D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 n.11 (10th Cir. 2013) (describing a similar ruling as "deferral under the *Colorado River* Doctrine"). We have jurisdiction, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9-10 & n.11 (1983) (holding appellate court had subject-matter jurisdiction over district court's order staying federal proceedings in deference to parallel litigation pending in state court), and we affirm.

## I.     Background

The underlying material facts are not in dispute.  We recite the relevant facts taken from NMSURF's appellate briefs and the parties' joint appendix.  We also "exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."  *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).  Therefore, we have considered documents filed in a related removal action, *City of Santa Fe v. Catanach*, No. 1:16-cv-00825 MCA/KBM (D.N.M.).

NMSURF provides internet service to customers within a 150-mile radius of Santa Fe, New Mexico.  On April 9, 2015, it applied to the City for a permit to consolidate two existing rooftop towers to one 30-foot tower.  On April 28, 2015, the City Planning Division responded that the proposed new tower would violate City setback requirements.  NMSURF and the City then engaged in correspondence and meetings about NMSURF's proposed plan for its towers.

2

A year later, on April 28, 2016, NMSURF notified the City that due to the City's failure to grant or deny its request, NMSURF deemed the request granted pursuant to section 6409 of the Spectrum Act, 47 U.S.C. §1455, as implemented by 47 C.F.R. §1.40001(c)(4) (stating if a local government fails to approve or deny a request for approval within the applicable timeframe, "the request shall be deemed granted"). The City responded on May 13, 2016, rejecting NMSURF's "deemed granted" status, and more correspondence ensued. Based on its position that permission had been deemed granted, NMSURF began modifying its towers in June 2016.

On July 14, 2016, after discovering NMSURF's new-tower construction, the City filed suit in state court to enjoin further modification of the tower. The next day, NMSURF filed an action to remove the state case to federal court, and on September 19, 2016, the federal district court rejected the removal request and remanded the case to state court. On October 26, 2016, the state court issued a preliminary injunction prohibiting NMSURF from making further modifications to its towers, but not requiring it to reverse any work it had completed. "Prior to the injunction, NMSURF completed the consolidated tower and co-located six antennas from the rooftop towers to the ground tower. The antennas are currently in operation." Aplt. Opening Br. at 10. Even so, NMSURF desires to consolidate additional antennas and add new antennas to the new tower. Trial in the state-court action is currently set for October 2018.

3

On April 7, 2017, plaintiff Albert Catanach, the owner of NMSURF, filed a pro se action in federal district court against the state-court judge in his official capacity alleging that various rulings the judge made in the state case violated his due-process and equal-protection rights. The district court denied relief, and this court affirmed. *See Catanach v. Thomson*, 718 F. App'x 595 (10th Cir. 2017).

Meanwhile, NMSURF agreed to have its case reviewed by the City Planning Commission. Although the City Land Use Department recommended approval of a setback waiver, the Planning Commission denied it on June 8, 2017.[1] NMSURF filed the underlying action on August 11, 2017, seeking (1) a determination that the City's denial of a setback waiver violates and is preempted by federal law; (2) a determination that the City's decision is arbitrary and capricious, and not supported by substantial evidence; and (3) an order directing the City to issue the necessary approvals to authorize NMSURF to modify, operate, and maintain its proposed facilities. *See* Jt. App. at 20. After filing the federal suit, NMSURF appealed the Planning Commission's denial of the setback waiver to the City Council, and in

---

[1] NMSURF refers to the required City permission both as a "permit" and a "setback waiver," which appear to refer to the same thing. Similarly, we assume NMSURF's reference to the City Land Development Department also means the City Land Use Department, *see* Aplt. Reply Br. at 8. NMSURF characterizes the actions of the Land Use Department as recommending approval of a setback permit, *see* Aplt. Opening Br. at 11, 18; Aplt. Reply Br. at 5, but in its reply brief NMSURF complains that the Land Use Department imposed unreasonable conditions to obtain the permit, *see* Aplt. Reply Br. at 7, 8. Although we generally do not consider arguments made for the first time in a reply brief, *see Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."), consideration of this contention would not affect our conclusion that the district court did not abuse its discretion in deeming the state and federal proceedings parallel.

4

September 2017, the City Council abated its proceedings pending the outcome of the underlying federal case.

In this case, the district court stayed the federal action pending resolution of the state-court proceedings. The court first determined that the state and federal proceedings are parallel because they involve the same parties and the central legal issue is the same in both courts. The court next applied the relevant factors to determine whether deference to the state proceedings is appropriate, and determined that it is.

NMSURF appeals, arguing that the district court improperly avoided its duty to decide the underlying federal case. Alternatively, NMSURF asserts that the district court erred in finding the state and federal litigation are parallel.

## II.     *Sprint/Younger* **Doctrine**

NMSURF contends that the district court incorrectly determined that it was required to abstain. NMSURF relies on *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), which addressed the *Younger* abstention doctrine. *See id.* at 78 (listing three types of proceedings satisfying the exceptional circumstances required to "justify a federal court's refusal to decide a case in deference to the States" pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (internal quotation marks omitted)). The district court did not address *Younger* abstention, nor was this doctrine argued to the district court. More to the point, the court did not rule that it was required to abstain; rather, it concluded that abstention was appropriate under *Colorado River*'s principles of "wise judicial administration, giving regard to

5

conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (brackets and internal quotation marks omitted); *see D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233 n.13 (recognizing that "[i]n the strictest sense, the *Colorado River* doctrine is not an abstention doctrine at all. Rather, it is a judicially crafted doctrine of efficiency that arose to fill a gap in the federal courts' existing inventory of abstention principles.").

The City urges us to apply the discretionary standard of *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), instead of *Colorado River*'s exceptional-circumstances test. But the *Wilton* standard applies to declaratory judgment actions, *id.* at 289-90, while in this case the parties seek injunctive relief. Therefore, we apply the *Colorado River* standard. *See VonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015) (observing that applying the "*Wilton* standard to a federal complaint seeking injunctive or monetary relief, which would otherwise be governed by the *Colorado River* standard, would ignore the very different justifications for the two abstention standards"); *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 795 n.3 (8th Cir. 2008) (stating *Wilton* is not applicable "when a party seeks a good faith injunction as well as declaratory relief"); *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006) ("[T]he . . . *Wilton* standard does not apply when a declaratory judgment claim is joined with a nondeclaratory claim, such as a claim for damages or

injunctive relief.").[2]  Thus, we address the district court's application of *Colorado River*.

### III.    *Colorado River* **Doctrine**

"We review district court decisions regarding deferral under the *Colorado River* Doctrine for abuse of discretion."  *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1231 n.11 (internal quotation marks omitted).

"We recognize, as we must, the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'"  *Id.* at 1233 (quoting *Colorado River*, 424 U.S. at 817).  "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  *Colorado River*, 424 U.S. at 817 (ellipsis and internal quotation marks omitted).  "This duty is not, however, absolute."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 709, 716 (1996).  Undoubtedly, "federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest, for example, where abstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations,

---

[2] NMSURF argues that the district court erred in distinguishing between "coercive" and "remedial" relief because *Sprint* rejected such a distinction.  *See Sprint*, 571 U.S. at 80 n.6 (stating that a distinction between "coercive" and "remedial" relief is not necessary or helpful when "determin[ing] whether a state proceeding is an enforcement action under *Younger*").  But the district court's reference to "coercive relief," Jt. App. at 65, was relevant to the decision to apply *Colorado River*, rather than *Wilton*, because, as discussed above, the relief sought includes coercive, or injunctive, relief, so *Colorado River*, not *Wilton*, applies.

7

or wise judicial administration." *Id.* (citations and internal quotation marks omitted). "It is well-established that federal courts have the power to refrain from hearing, among other things, cases which are duplicative of a pending state proceeding. This latter principle—the avoidance of duplicative litigation—is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233 (citation and internal quotation marks omitted).

We "first determine whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (citations and internal quotation marks omitted). The district court concluded that the state and federal proceedings are parallel, noting that NMSURF's description of its arguments in the state case demonstrates that the state-court claims are similar to the federal-court claims. *See, e.g.*, Jt. App. at 10, ¶ 10 (federal complaint alleging the City sued Mr. Catanach in state court for violating a City ordinance requiring a permit in conflict with his "deemed granted federal right"). The district court further noted that the remand order in *Catanach*, No. 1:16-cv-00825 MCA/KBM, 2016 WL 10179299, at *4 (D.N.M. Sept. 19, 2016), stated, "the question of whether Section 6409 [i.e., 47 U.S.C. §1455] applies to [Plaintiffs'] tower will be significant in this matter, [and] this question was raised as a defense to the City's state law claim." Jt. App. at 67 (first and second brackets in original) (internal quotation marks omitted). In addition, NMSURF acknowledges that claims brought under the Spectrum Act

8

may be determined by "'any court of competent jurisdiction.'" Aplt. Opening Br. at 8-9 (quoting 47 C.F.R. §1.40001(c)(5)).

NMSURF asserts that the relief it seeks in state court differs from the relief it seeks in federal court, so the litigation is not parallel. NMSURF says it seeks declaratory relief, as well as compensatory and punitive damages in state court, while in federal court it asks for declaratory and injunctive relief. But in state court, NMSURF requests relief similar to its federal request. *Compare* Jt. App. at 20 (federal complaint requesting an "order requiring the City to issue [NMSURF] approvals authorizing [it] to modify, operate and maintain its proposed facilities"), *with Catanach*, No. 1:16-cv-00825 MCA/KBM, Doc. 10, at 21 (answer and counterclaims filed in removal case requesting the court to "order the city to issue a building permit in accordance with Section 6409(a) or 47 U.S.C. §332(c)(7), and any other approvals as necessary to allow [NMSURF] to operate their modified wireless facility").[3]

---

[3] In arguing that the relief it seeks in federal court differs from the relief it seeks in state court, NMSURF has not cited to the "parts of the record on which [it] relies," as required by Fed. R. App. P. 28(a)(8)(A). We observe that NMSURF's state-court answer and counterclaims are not part of the record on appeal. Nevertheless, we exercise our discretion to take judicial notice of the filings in the related removal action, as well as related state-court records. *See Ahidley*, 486 F.3d at 1192 n.5. It appears that NMSURF's answer and counterclaims filed in the federal removal proceeding, *Catanach*, No. 1:16-cv-00825 MCA/KBM, Doc. 10, were incorporated into the state-court case when the matter was remanded. *See* https://caselookup.nmcourts.gov/caselookup/app?component=cnLink&page=SearchResults&service=direct&session=T&sp=SD-101-CV-201601719, entry dated Sept. 23, 2016 (last visited Sept. 25, 2018).

NMSURF points out that its federal complaint is based in part on events that occurred after the City filed its complaint in state court—the denial of a setback waiver by the City Planning Commission and the City Council's decision to abate its review of that decision. It asserts that the Planning Commission's denial of the setback waiver violated its due-process rights, and that it cannot raise these claims in state court because the opportunity for amending the pleadings has passed. But the federal complaint does not seek relief other than rulings necessary to permit NMSURF to proceed with its planned tower modification, and as discussed above, a request for that relief is pending in state court.

In its reply brief, NMSURF complains that the district court failed to address its federal complaint's second, third, and fourth causes of action. We generally do not consider arguments made for the first time in a reply brief. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."). Even so, although NMSURF contends that these claims are not substantially similar to claims in the state-court case, it has presented no explanation or argument to support this contention. *See Kerber v. Qwest Pension Plan*, 572 F.3d 1135, 1146 (10th Cir. 2009) (rejecting appellate claim as inadequately briefed because the claim was addressed in only conclusory fashion). Further, NMSURF's answer and counterclaims filed in the removal action and remanded to state court invoked 47 U.S.C. § 332(c), *see Catanach*, No. 1:16-cv-00825 MCA/KBM, Doc. 10, at 14, 21, as did its federal complaint, *see* Jt. App. at 17-18 (NMSURF's second and third causes of action). Therefore, we see no reversible

10

error in the district court's failure to specifically address the second, third, and fourth causes of action.

NMSURF also notes that the parties in the state case are different from the parties in the federal case because Infinite Interests, LLC is a state defendant but is not a party to the federal case. NMSURF makes no attempt to explain why this circumstance is relevant, or even to inform this court that Infinite Interests was named in the state suit because it is the owner of record of the NMSURF property. We fail to see how inclusion of Infinite Interests as a state-court defendant defeats the determination that the state and federal cases are parallel.

Proceedings may be parallel even if they "are far from identical." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233. Based on the circumstances showing that substantially the same parties are litigating substantially the same issues in both the federal and state cases, we find no abuse of discretion in the district court's determination that the state and federal proceedings are parallel.

Normally, we would next turn to the district court's application of the relevant factors for assessing whether exceptional circumstances exist warranting deferral. *See Fox*, 16 F.3d at 1082. But NMSURF does not argue that the district court misapplied the relevant factors, so any challenge to the court's ruling is waived. *See COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1223 (10th Cir. 2016) ("Appellants do not raise this argument in their opening brief, and so it is waived.").

11

## IV. Conclusion

We affirm the district court's order staying the underlying federal case pending resolution of the parallel state-court proceedings.

Entered for the Court

Jerome A. Holmes
Circuit Judge