**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2215**

KANDISE LUCAS, Lead Advocate,

Plaintiff - Appellant,

and

DR. MARLA CRAWFORD, Advocate/Analyst; TONI HUNTER-DAVIS, Parent,

Plaintiffs,

v.

HENRICO COUNTY PUBLIC SCHOOL BOARD; PATRICK KINLAW, Superintendent; KIRK EGGLESTON, Principal CTE; HENRICO COUNTY POLICE DEPARTMENT; HUMBERTO CARDOUNEL, Police Chief; SERGEANT CROOK, Police Officer; SHANNON TAYLOR, Henrico County Commonwealth District Attorney; TANIA KREGAR, Assistant District Attorney; L. NEIL STEVERSON, District Court Judge,

Defendants - Appellees.

**No. 18-2217**

TONI HUNTER-DAVIS, Parent,

Plaintiff - Appellant,

and

KANDISE LUCAS, Lead Advocate; DR. MARLA CRAWFORD, Advocate/Analyst,

Plaintiffs,

v.

HENRICO COUNTY PUBLIC SCHOOL BOARD; PATRICK KINLAW, Superintendent; KIRK EGGLESTON, Principal CTE; HENRICO COUNTY POLICE DEPARTMENT; HUMBERTO CARDOUNEL, Police Chief; SERGEANT CROOK, Police Officer; SHANNON TAYLOR, Henrico County Commonwealth District Attorney; TANIA KREGAR, Assistant District Attorney; L. NEIL STEVERSON, District Court Judge,

Defendants - Appellees.

No. 18-2229

DR. MARLA CRAWFORD, Advocate/Analyst,

Plaintiff - Appellant,

and

KANDISE LUCAS, Lead Advocate; TONI HUNTER-DAVIS, Parent,

Plaintiffs,

v.

HENRICO COUNTY PUBLIC SCHOOL BOARD; PATRICK KINLAW, Superintendent; KIRK EGGLESTON, Principal CTE; HENRICO COUNTY POLICE DEPARTMENT; HUMBERTO CARDOUNEL, Police Chief; SERGEANT CROOK, Police Officer; SHANNON TAYLOR, Henrico County Commonwealth District Attorney; TANIA KREGAR, Assistant District Attorney; L. NEIL STEVERSON, District Court Judge,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge. (3:18-cv-00402-HEH)

2

Submitted:  March 27, 2019                          Decided:  April 12, 2019

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Kandise Lucas; Toni Hunter-Davis; Marla Crawford, Appellants Pro Se.  Lee Ann Anderson, Senior Assistant County Attorney, OFFICE OF THE COUNTY ATTORNEY, Henrico, Virginia; Theodore Ira Brenner, FREEBORN & PETERS, LLP, Richmond, Virginia; Alexander Kenneth Page, Marshall Howard Ross, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Toni Hunter-Davis ("Davis"), Kandise Lucas, and Dr. Marla Crawford appeal the district court's dismissal with prejudice of their civil complaint against the Henrico County Public School Board ("Board"), Superintendent Patrick Kinlaw, Principal Kirk Eggleston, the Henrico County Police Department ("HCPD"), Henrico County Police Chief Humberto Cardounel, Sergeant Crook, Henrico County Commonwealth's Attorney Shannon Taylor, Assistant Commonwealth's Attorney Tania Kregar, and Henrico County District Court Judge L. Neil Steverson. Plaintiffs alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. §§ 1400 to 1482 (West 2017 & Supp. 2018), the Americans with Disabilities Act, ("ADA") 42 U.S.C.A. §§ 12101 to 12213 (West 2013 & Supp. 2018), the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C.A. §§ 701-796 (West 2018), and 42 U.S.C. §§ 1983, 1985, 1986 (2012), along with related state law claims. We affirm in part, vacate in part, and remand for further proceedings.

Plaintiffs' claims arose out of their arrests and criminal prosecutions for trespassing, in violation of Va. Code Ann. 18.2-128 (2014), at Colonial Trails Elementary School in Henrico County, Virginia, on January 31, 2018. Plaintiffs were protesting and seeking reversal of the school's decision to involuntarily withdraw Davis' son, M.A., from enrollment, which they alleged violated the IDEA, the ADA, the Rehabilitation Act, and the Equal Protection Clause. They also alleged that Kinlaw, Eggleston, and the Board retaliated against Plaintiffs for attempting to protect M.A.'s rights under the ADA and the Rehabilitation Act. Further, Plaintiffs claimed that their arrests for trespass

4

violated their First and Fourth Amendment rights, and that the prosecutors—Taylor and Kregar—and the judge—Steverson—in their criminal case violated their Fifth, Sixth, Eighth, and Fourteenth Amendment rights.[1]

The district court dismissed Plaintiffs' IDEA, ADA, and Rehabilitation Act claims for lack of standing and, alternatively, for failure to state a claim. The court also dismissed their Fourteenth Amendment equal protection claim for lack of standing. The remainder of Plaintiffs' federal civil rights claims were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman*[2] doctrine and, alternatively, under the doctrine of *Younger*[3] abstention. Finally, the district court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3) (2012).

As to the dismissal of Plaintiffs' federal statutory claims and their equal protection claim, we have reviewed the record and find no reversible error. We therefore affirm the denial as to those claims for the reasons stated by the district court. *Lucas v. Henrico Cty. Pub. Sch. Bd.*; *Hunter-Davis v. Henrico Cty. Pub. Sch. Bd.*; *Crawford v. Henrico Cty. Pub. Sch. Bd.*, No. 3:18-cv-00402-HEH (E.D. Va. Sept. 19, 2018). We conclude,

---

[1] According to the complaint, Davis entered a plea of no contest, while Lucas and Crawford were convicted at a joint trial.

[2] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

5

however, that the district court erred in dismissing Plaintiffs' remaining federal civil rights claims under *Rooker-Feldman* and *Younger*.

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 645 (4th Cir.), *cert. denied*, 139 S. Ct. 417 (2018).

> The *Rooker-Feldman* doctrine followed from Congress' careful assignment of federal subject matter jurisdiction, allocating *original* jurisdiction to the district courts . . . while allocating *appellate* jurisdiction over final state court judgments to the Supreme Court in [28 U.S.C.] § 1257(a). The doctrine thus holds that lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.

*Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 318-19 (4th Cir. 2016) (internal quotation marks omitted). The Supreme Court has clarified that "[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The district court concluded that it lacked subject matter jurisdiction over Plaintiffs' federal civil rights claims because Plaintiffs' purpose in filing their complaint was to modify portions of their state criminal convictions. However, while Plaintiffs sought relief in their federal complaint that may have been inconsistent with their state criminal convictions, they sought such relief against the defendants and did not ask the

6

district court to review and reject the state judgments.[4]  *See Rooker*, 263 U.S. at 414. Accordingly, the district court did not lack subject matter jurisdiction over Plaintiffs' federal civil rights claims under the *Rooker-Feldman* doctrine.

The district court also held that, even if it had jurisdiction over the civil rights claims, it was required to abstain under *Younger*.  *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (describing test for *Younger* abstention).  We need not determine whether the district court properly abstained, *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015) (describing standard of review), because even if abstention was proper, the district court should have stayed, rather than dismissed, the civil rights claims where, as here, Plaintiffs sought damages as well as declaratory and injunctive relief.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996) (stating that Supreme Court has "applied abstention principles to actions at law only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether" (internal quotation marks omitted)); *see Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000) ("[A] district court may stay an action seeking damages but generally may not subject it to outright dismissal

---

[4] We also note that, at the time they filed the complaint, Plaintiffs had appealed their convictions under Va. Code Ann. § 18.2-128 (2014), which is a misdemeanor offense, *see* § 18.2-128(B), to the circuit court.  Under Virginia law, such appeals "shall be heard de novo in the appellate court."  Va. Code Ann. § 16.1-136 (2015).  "A *de novo* hearing means a trial anew, and perfection of an appeal to the circuit court for trial *de novo* annuls the former district court judgment *as completely as if no trial had ever occurred*."  *Kenyon v. Commonwealth*, 561 S.E.2d 17, 20 (Va. Ct. App. 2002) (brackets and internal quotation marks omitted).

7

or remand [under abstention doctrines].").  Although the district court should have stayed, rather than dismissed, Plaintiffs' civil rights claims under *Younger*, we affirm the dismissal of the claims against Kregar, Taylor, and Steverson because those claims are barred by prosecutorial and judicial immunity.  *See Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) ("Our review is not limited to the grounds the district court relied upon, and we may affirm on any basis fairly supported by the record." (internal quotation marks omitted)); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) (prosecutorial immunity); *Forrester v. White*, 484 U.S. 219, 225 (1988) (judicial immunity).

Accordingly, we affirm the district court's dismissal of Plaintiffs' IDEA, ADA, and Rehabilitation Act claims and Plaintiffs' equal protection claim.  We also affirm the dismissal of Plaintiffs' federal civil rights claims against Taylor, Kregar, and Steverson. We vacate the dismissal of the remaining civil rights claims against the other defendants. Finally, because the district court's decision to decline supplemental jurisdiction over the state law claims was based on its dismissal of all the federal claims, *see* 28 U.S.C. § 1367(c)(3) (2012), we also vacate that portion of the judgment.  We remand these cases to the district court for proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

8