**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1169**

DANIEL C. LYDICK,

        Plaintiff - Appellant,

    v.

ERIE INSURANCE PROPERTY & CASUALTY COMPANY, d/b/a Erie Insurance Group,

        Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, Chief District Judge. (2:18-cv-01020)

Submitted: September 26, 2019           Decided: October 4, 2019

Before THACKER and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brent K. Kesner, KESNER & KESNER, PLLC, Charleston, West Virginia, for Appellant. Matthew J. Perry, J. Jarrod Jordan, Jill E. Lansden, LAMP BARTRAM LEVY TRAUTWEIN & PERRY, PLLC, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel C. Lydick appeals the district court's order dismissing his complaint against Erie Insurance Property & Casualty Company ("Erie") for failure to state a claim. In his complaint, Lydick alleged that Erie, his insurance carrier, underpaid an underinsured motorist ("UIM") policy claim that he made following a car accident caused by another driver in 2003. The court determined that the parties' subsequent settlement agreement—to which Lydick alluded in the complaint—covered each of Lydick's claims and that none of the allegations in the complaint supported Lydick's argument that Erie procured the settlement through mistake or misrepresentation. On appeal, Lydick contests the court's consideration of documents attached to Erie's motion to dismiss and challenges the court's conclusion that the complaint failed to allege a basis for setting aside the settlement agreement.[1] For the reasons that follow, we affirm.

Generally, a court must treat a motion to dismiss as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). However, a court reviewing a Fed. R. Civ. P. 12(b)(6) motion "may . . . consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citation and internal quotation marks omitted). We review for abuse of

---

[1] Lydick also disputes the district court's determination that the relevant statutes of limitations barred two of the three claims pleaded in the complaint. We need not reach this issue, however, in light of our resolution of the other arguments presented on appeal.

2

discretion a decision not to convert a motion to dismiss into a motion for summary judgment. *See Durden v. United States*, 736 F.3d 296, 307 (4th Cir. 2013); *see also E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 178 n.2 (4th Cir. 2018).

Here, Lydick does not dispute that the exhibits attached to Erie's motion—including the policy release Lydick executed as part of the parties' settlement agreement—were authentic and integral. Rather, he broadly asserts that Erie effectively sought an award of summary judgment without conducting discovery. But because it is well established that a court may, at the motion to dismiss stage, consider the types of documents Erie included in its motion, we discern no abuse of discretion in the district court's reliance on these records without converting Erie's motion into one for summary judgment.

We review a district court's dismissal under Rule 12(b)(6) de novo, "assuming as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and internal quotation marks omitted).

In West Virginia, a settlement agreement, like any other contract, necessarily requires a meeting of the minds. *Sanson v. Brandywine Homes, Inc.*, 599 S.E.2d 730, 734

3

(W. Va. 2004). "Consequently, where parties have made a settlement, such settlement is conclusive upon the parties thereto as to the correctness thereof in the absence of accident, mistake or fraud in making the same." *Id.* (brackets, ellipsis, and internal quotation marks omitted).

The complaint contained just one allegation that might arguably support rescinding the settlement agreement: Lydick's barebones claim that, at the time he signed the policy release, Erie misled him as to the UIM policy limits. A complaint, however, must state facts demonstrating that the defendant's liability is plausible, not merely possible. *Iqbal*, 556 U.S. at 678. Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Here, without providing "further factual enhancement," *id.* at 678 (internal quotation marks omitted), Lydick baldly asserted that Erie made a material misrepresentation regarding the UIM policy limits. But because the complaint contained no further discussion concerning Erie's alleged fraud at the time of the settlement agreement, we agree with the district court's conclusion that Lydick's complaint, while consistent with a legal basis for finding a settlement agreement invalid, simply failed to nudge his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.[2]

---

[2] Because "[i]t is well-established that parties cannot amend their complaints through briefing," *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 n.1 (4th Cir. 2017) (internal quotation marks omitted), we reject Lydick's attempt to rely on two unpleaded bases for rescinding the policy release: mistake and lack of consideration.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*