# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-1506

MACHELLE PARSONS; DARIUS GROSE; R.G.,

        Plaintiffs - Appellants,

     v.

ASHTON MCDANIEL, Social worker, Department of Health and Human Resources; CHENELLE COY-WILLIAMS, Supervisor, Department of Health and Human Resources; JAZMYN PRICE, Social Worker, Department of Health and Human Resources,

        Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:19-cv-00177)

Submitted: October 10, 2019                    Decided: November 12, 2019

Before WILKINSON and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Machelle Parsons, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Machelle Parsons filed a 42 U.S.C. § 1983 (2012) complaint on behalf of herself, her daughter (R.G.), and R.G.'s father, Darius Grose, against three employees of the West Virginia Department of Health and Human Services, seeking the immediate return of R.G. to her parents. The district court adopted the magistrate judge's recommendation and dismissed the complaint for lack of subject matter jurisdiction based on the domestic relations exception to federal court jurisdiction articulated in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Alternatively, the court concluded that, even if it had jurisdiction to consider the claims, it would abstain from exercising that jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). We dismiss in part and affirm in part.

A pro se litigant may only represent her own interests in federal court. *See Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). Because Parsons is not an attorney, she may not represent the interests of other individuals in federal court. We therefore dismiss the appeal as to R.G. and Grose.

As to Parsons' appeal, "[w]e review questions of subject matter jurisdiction de novo." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018). "We review the district court's decision to surrender jurisdiction for abuse of discretion. But whether a case satisfies the basic requirements of abstention constitutes a legal question subject to de

2

novo review." *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015) (alteration, citation, and internal quotation marks omitted).

Initially, we conclude that the district court incorrectly determined that the domestic relations exception articulated in *Ankenbrandt* prohibited it from exercising jurisdiction over the complaint, as that exception applies only to cases brought in diversity. *See United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997). We conclude, however, that the district court properly abstained from exercising jurisdiction under *Younger*. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (explaining *Younger* abstention doctrine); *see also Moore v. Sims*, 442 U.S. 415, 435 (1979) (explaining that "[f]amily relations are a traditional area of state concern" and that Court is "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation"); *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 355 (4th Cir. 2005) ("Constitutional questions—commonly involved in *Younger* abstention cases—generally can be resolved by state courts."). Accordingly, we affirm the district court's dismissal of Parsons' claims.

We grant Parsons leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*